IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAKAYLA GREEN, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NUMBER: |
| vs. | )   24-cv-408 |
| | ) JURY DEMAND |
| ADT, LLC | ) |
| Defendant. | ) |

# COMPLAINT

**I.  JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §12117, 28 U.S.C. §1331. The jurisdiction of this court is invoked to secure protection of, and redress deprivation of rights secured by the Americans with Disabilities of Act 1990, as amended, 42 U.S.C. §12101, *et seq*. providing for injunctive and other relief against employment discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §12117. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Conciliation Failure

1

and Notice of Rights[1] dated August 8, 2024, by the Equal Employment Opportunity Commission.

## II.   PARTIES

3.   Plaintiff, Shakayla Green (hereinafter "Green" or "Plaintiff") is a citizen of the United States and a resident of Theodore, Mobile County, Alabama.

4.   Defendant, ADT, LLC, (hereinafter "ADT" or "Defendant") is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Alabama.

## III.   FACTUAL ALLEGATIONS

5.   Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-4 above.

6.   Plaintiff is a qualified individual with a disability. Plaintiff has a record of a disability and was regarded as disabled by her employer.

7.   Plaintiff began her employment with Defendant on October 24, 2022, as a Customer Technical Support (CTS) Associate. The position is responsible for responding to customer troubleshooting inquiries made by telephone related to ADT's services.

8.   During her employment with Defendant, Plaintiff worked from her

---

[1] On June 25, 2024, the EEOC issued a Letter of Determination finding "there is reasonable cause to believe [Defendant] discriminated and retaliated against the [Plaintiff} in violation of the ADAAA."

home in Mobile, Alabama.

9. During her employment with Defendant, Plaintiff reported to Team Lead, Raeisha Stephens, who is located in Jacksonville, Florida.

10. On or about February 19, 2023, Plaintiff informed her Supervisor, Ms. Stephens, of her disability and requested two days of leave, which were granted for February 19th (Sunday) and 20th (Monday), 2023.

11. At this time, Plaintiff was instructed to file a request for an accommodation for leave related to her medical condition. Ms. Stephens provided Plaintiff with the number for the Matrix System.

12. Pursuant to the directive to file a request, Plaintiff filed said request for an accommodation. Furthermore, Plaintiff's physician submitted the documentation to the Defendant's Matrix System on or about Wednesday, February 23, 2023.

13. Plaintiff's supervisor, Ms. Stephens, was aware that she was in the process of requesting the reasonable accommodation.

14. While awaiting approval for her requested accommodation, Plaintiff called out each day via the call-out line/Matrix system.

15. However, on March 5, 2023, Plaintiff was informed her employment had been terminated on February 28, 2023, for alleged job abandonment.

16. Upon learning of her termination, Plaintiff filed a complaint with Human Resources and provided evidence of the call logs, test messages, and emails

showing her supervisor and Defendant were aware she had requested accommodation and that she had called out on February 27th and 28th. Therefore, Plaintiff was not a no call/no show on those days.

17. However, after she was terminated an HR official informed Plaintiff that her request for accommodation was denied, and her termination was upheld.

18. Because of Defendant's actions, Plaintiff suffered an adverse employment action, lost wages and benefits and emotion distress.

### A.   COUNT ONE - DISABILITY DISCRIMINATION AND RETALIATION

19. **P**laintiff adopts and incorporatse by reference the allegations contained in ¶¶1-18 above.

20. Plaintiff is a person with a disability in that she has a physical impairment which substantially limits one or more of her major life activities. 42 U.S.C. §12102. Furthermore, she is a qualified individual with a disability in that she has a record of impairment and is perceived as having an impairment which substantially limits one or more major life activities in accordance with 42 U.S.C. §12102. As stated, Defendant is an employer in accordance with 42 U.S.C. §12111(5).

21. Despite Plaintiff's disability, she is and was able to perform the essential functions of the position she held with the Defendant. Defendant discriminated against Plaintiff because of her disability. Plaintiff complained to HR.

22. After Plaintiff complained to HR, she was terminated. Plaintiff was terminated by Defendant because of her protected activity.

23. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, an injunctive and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

24. As a result of Defendant's willful and malicious actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendant are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act (ADA), 42 U.S.C. §12102.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at

Defendant's request from continuing to violate the Act of Congress known as the Americans with Disabilities Act (ADA), 42 U.S.C. §12102.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of disability discrimination and retaliation, back-pay (plus interest), declaratory and injunctive relief, liquidated damages, compensatory and punitive damages, lost seniority, benefits, and lost pension.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.

Respectfully submitted,

**/s/ *Kevin W. Jent***
Kevin W. Jent
Counsel for Plaintiff
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
kjent@wigginschilds.com

**DEFENDANT'S ADDRESS**
ADT, LLC
c/o Registered Agent, CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104